■ In the Matter of WILLIAM F. ROBINSON, Appellant, v. JAMES R. LAWLEY et al., Constituting the Board of Elections, and JAMES C. MOSS, Respondents. In the Matter of ANTHONY A. PASTERNACK, Appellant, v. JAMES R. LAWLEY et al., Constituting the Board of Elections of the County of Erie, and RICHARD A. SLISZ, Respondents.— Order (in each case) unanimously reversed on the law and facts, without costs, and designating petition validated in accordance with the following memorandum: In each case petitioner is a candidate for the Democratic nomination for the office of County Legislator in the County of Erie. Prior to the enactment of chapter 424 of the Laws of 1971 on June 17, 1971, amending section 136 of the Election Law, 500 signatures were required on a petition for this office. Subdivision 6 of the amended section, insofar as here pertinent, requires the signatures of five per centum of the enrolled voters of the party residing within the political unit in which the office is to be voted for. It further provides, however, that the number of signatures need not exceed the following limits: "for any office to be filled by all the voters of any political subdivision except as herein otherwise provided, contained within another political subdivision, not to exceed the number of signatures required for the larger subdivision." (L. 1971, ch. 424; Election Law, § 136, subd. 6, par. [j].) Only 500 signatures are required on a designating petition for an assembly district (Election Law, § 136, subd. 6, par. [i]). A reading of paragraphs (i) and (j) of subdivision 6 together leads to the impelling and logical conclusion that

the Legislature quite properly did not intend that those candidates for the office of County Legislator whose districts are wholly contained within the larger assembly district should be required to obtain more than the 500 signatures required of the assembly candidate for his designating petition. Paragraph (k) of subdivision 6 of section 136 of the Election Law as amended applies to those candidates whose legislative districts are not within one assembly district. The petitioner's legislative district is not contained within any one assembly district but apparently overlaps into two or more. We must conclude that the Legislature did not intend that the number of signatures required on a designating petition for the office of County Legislator would be 500 in certain districts wholly contained and 5% in those which might overlap. We are, of course, mindful that under the "one-man one-vote" rule, each of these county legislative districts contains a similar number of voters whose rights to have a candidate of their choice should be equal and governed by similar requirements without regard to the location of the district. In view of the other requirements for signatures contained in chapter 424, we conclude that the Legislature did not intend to increase the present requirement of 500 signatures. Since it is found or conceded that the designating petition in each case contains more than the required 500 valid signatures, each should be validated. The order in each case should be reversed and the Board of Elections directed to place the name of appellant William F. Robinson, for the office of County Legislator, 7th District, and the name of Anthony A. Pasternack, for the office of County Legislator, 4th District, on the ballot for September 14, 1971 for the Democratic Primary Election, County of Erie, New York. (Appeals from orders of Erie Special Term dismissing petitions to validate designating petitions.) Present — Goldman, P. J., Del Vecchio, Witmer, Gabrielli and Cardamone, JJ. (Order entered Sept. 9, 1971.)